## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHARON RANDOLPH | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-19-3192 |
| WELLS FARGO BANK, N.A., | * | |
| Defendant. | * | |

****** 

## MEMORANDUM OPINION

Pending before the Court in this lending action is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss.  The motion is fully briefed and no hearing is necessary.  *See* D. Md. Loc. R. 105.6.  For the reasons discussed below, the Court GRANTS the motion.

### I.      Background

Randolph secured a mortgage on her home through Wells Fargo and had fallen behind on her mortgage payments some time before 2010.  ECF No. 18.  Consequently, she asked Wells Fargo for "payment assistance options" in an effort to qualify for the federal Home Affordable Modification Program ("HAMP").  *Id.* ¶¶ 1, 25.  Randolph applied for a HAMP loan modification by submitting all relevant requested information and was accepted into a HAMP "Trial Period Plan" on January 1, 2011 (the "Trial Plan").  ECF No. 23-2.

As part of the Trial Plan, Randolph agreed to make certain revised monthly mortgage payments on a predetermined schedule for a three-month trial period.  *Id.*  At the conclusion of the trial period, and after Randolph completed the required paperwork, Wells Fargo told Randolph that her mortgage "*may* be permanently modified."  *Id.* at 4.  *See also* ECF No. 18 ¶¶ 25–26 (emphasis added).  Wells Fargo's notice further explained to Randolph how the trial

period payments would be applied toward permanent payments "once [the] loan is modified."

ECF No. 23-2 at 6–7.

On March 21, 2012, Wells Fargo informed Randolph, again in writing, that after careful

review of her application, she did not "meet the requirements" for HAMP because "[t]here are

additional liens on your property that prevent us from completing your request for mortgage

assistance."  ECF Nos. 18 ¶ 26; 23-2 at 12.  The notice further informed Randolph to call the

lender "immediately" to "discuss the additional liens against your property and what you need to

do to resolve this issue," but cautioned that "providing this information does not guarantee

approval."  ECF No. 23-2 at 12.  Randolph was ultimately denied a HAMP loan modification

and her home was foreclosed upon in 2014.  ECF No. 18 ¶¶ 26-27.

Five years later, on April 10, 2019, Randolph received correspondence from Wells Fargo

which stated, in pertinent part, the following:

> We're reaching out about an issue related to the former account referenced above.
> And we want to let you know how we are fixing it.
>
> We had previously approved this loan for a modification trial plan, but the loan
> was subsequently removed from home preservation prior to the final
> modification.  We should have let you know at the time of trial approval that the
> modification might be denied due to title issues even if you paid the trial period
> payments.
>
> We apologize for this oversight.  We want to make it right.

ECF No. 31 (Ex A. to Amended Complaint).

Wells Fargo also enclosed a $300 check which, if Randolph cashed, would "fully settle

this issue."  *Id.*  Randolph now maintains that the 2019 letter from Wells Fargo alerted her to

information which Wells Fargo had previously "hidden" from her, namely that Wells Fargo had

not disclosed in 2012 that "title issues" would result in her rejection from participation in

HAMP.  Based on this purported omission, Randolph filed suit on November 4, 2019, against

Wells Fargo on behalf of herself and all similarly situated borrowers.  She brings claims for common law negligence (Count I) and fraudulent concealment (Count IV) as well as for statutory violations of the Maryland Consumer Protection Act (Count II) and the Maryland Mortgage Fraud Protection Act (Count III).  *See* ECF No. 18 at 9–14; ¶¶ 44–49.  Central to each claim is that Wells Fargo failed to inform Randolph in a timely manner of "title issues" or "title liens" that would cause "at a minimum a denial in the loan modification and/or" result in foreclosure on her home.  ECF No. 18 ¶¶ 89, 99, 106, 114.  Because the Complaint, read most favorably to Randolph, makes clear that she knew or should have known of the pending causes of action when she was notified of her "lien issues" in 2012, the Court must grant the motion to dismiss the claims as barred by the applicable statutes of limitations.

## II.     Standard of Review

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is properly granted when the complaint does not include sufficient factual allegations to render the plaintiff's claims facially plausible or permit reasonable inference that the defendant is liable for the alleged misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  In assessing the motion, the Court takes as true all well-pleaded factual allegations and makes all reasonable inferences in favor of the plaintiff.  *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  The Court does not credit conclusory statements or legal conclusions, even when the plaintiff purports them to be allegations of fact.  *See Iqbal*, 556 U.S. at 678–79; *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  From the facts averred, the Court must be able to infer "more than the mere possibility of misconduct"; the complaint must include factual allegations that show her entitled to relief.  *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 678).  The Court may consider

materials attached to the complaint without transforming the motion to dismiss into one for summary judgment.  *See* Fed. R. Civ. P. 10(c).  The Court may also consider materials attached to a motion to dismiss, so long as such materials are integral to the complaint and authentic. *Philips*, 572 F.3d at 180.

Whether a claim should be dismissed with or without prejudice is in the discretion of the Court.  *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013).  "While a potentially meritorious claim . . . should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless."  *McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009) (internal citations omitted), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020).  Therefore, the Court must evaluate the facts pleaded in the complaint, the contents of any attachments that are integral to the complaint and authentic, and the elements of the claims a plaintiff puts forward to determine whether any given claim should be dismissed with or without prejudice.

## III.    Analysis

## A.    Randolph's Claims

Wells Fargo principally argues that Randolph's claims all accrued at the latest by 2012, and so Randolph should have brought her claims by no later than 2015.  Randolph responds that the key fact anchoring her claims—Wells Fargo's knowing concealment that her "title issues" prevented her from qualifying for HAMP—had been disclosed "for the first time" in the 2019 letter.  Accordingly, says Randolph, she could not have discovered the cause of action until Wells Fargo had made such disclosure.  When viewing the Complaint as true and most favorably

to Randolph, she had been placed on notice of Wells Fargo's supposed wrongdoing by 2012 in connection with its denial of her HAMP application.

Although limitations customarily is an affirmative defense to be decided by the trier of fact, where the Complaint facts viewed most favorably to the plaintiff leave no doubt that the claim is time barred, dismissal is appropriate. *Green v. Pro-Football, Inc.*, 31 F.Supp.3d 714, 721-22 (D. Md. 2014). The parties do not dispute that the statute of limitations for each claim is three years. *See* Md. Code. Ann., Cts. & Jud. Proc. § 5–101. Generally, a cause of action accrues once the events necessary to satisfy each element of the claim have occurred and when the plaintiff is on notice of the "nature and cause of their injury." *Miller v. Pac. Shore Funding*, 287 B.R. 47, 50 (D. Md. 2002) (collecting cases).

Randolph avers that Wells Fargo "hid" their basis for denying her a HAMP loan modification until 2019. For claims sounding in fraud, "[i]f the knowledge of a cause of action is kept from a party by the fraud of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered the fraud." Md. Code. Ann., Cts. & Jud. Proc. § 5-203; see also *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 170 (2004) ("Maryland law recognizes that it is unfair to impart knowledge of a tort when a potential plaintiff is unable to discover the existence of a claim due to fraud or concealment on the part of the defendant."). If a plaintiff relies on the doctrine of fraudulent concealment to extend limitations, she must plead "specific allegations of how the fraud kept the plaintiff in ignorance of a cause of action, how the fraud was discovered, and why there was a delay in discovering the fraud, despite the plaintiff's diligence." *Dual*, 383 Md. 151 at 170 (citing *Doe v. Archdiocese of Washington*, 114 Md. App. 169, 187 (1997)).

The central fact that Randolph asserts was "concealed" is that the lender would "*never* grant any modification for any customer who had 'title lien issues'" and that it "actively misled" Randolph and others similarly situated to induce her to make Trial Plan payments.  ECF No. 27 at 9 (emphasis added).  Randolph further contends that Wells Fargo "did not admit the real truth" until 2019 when it disclosed for the first time that "from the get-go, [Randolph] would never get a modification no matter how many Trial Payments she made."  *Id.*  Randolph's argument, however, suffers from several critical flaws.

First, even reading the 2019 letter most favorably to Randolph, it does not make plausible that Wells Fargo disclosed in that letter that Randolph *never* would have qualified for HAMP given her "title issues."  Rather, the 2019 correspondence echoes that which Randolph was told in 2012.  In 2012, Wells Fargo informed Randolph that even though she participated in the Trial Plan, her mortgage payments *may* be permanently modified, indicating to the reasonable reader that the same *may not* be modified.  ECF No. 23-2 at 4; *see also id.* at 6 ("The trial period offers you immediate payment relief (and could prevent a foreclosure sale) while we process your paperwork to determine *if you qualify for a permanent loan modification.*") (emphasis added).  Wells Fargo also told Randolph in 2012 that she was denied a HAMP loan modification because of "lien issues" and invited Randolph to learn more about the grounds for such denial.

The 2019 letter similarly informed Randolph that "at the time of trial approval[,] . . . the modification *might be* denied due to title issues even if you paid the trial period payments."  ECF No. 31 at 2 (emphasis added).  Put differently, nothing in the 2019 letter makes plausible that Wells Fargo knew in 2012 it would definitively reject Randolph's HAMP application and that it hid such information from Randolph.  Nor do any other facts pleaded make plausible that Wells

Fargo knew "lien issues" would *automatically* disqualify Randolph from HAMP and hid that fact from her.

Second, the basis for Wells Fargo's denial in 2012 placed Randolph on sufficient notice to trigger discovery of any alleged intention to *never* approve her for HAMP.  Even accepting as true that Wells Fargo never intended to place Randolph in HAMP because of her "lien issues," Well Fargo told her in 2012 that the "lien issues" precluded her acceptance and invited her to learn more about why she would be denied.  This she did not do.  Nor does the 2019 letter somehow evidence concealment that prevented her from learning of Wells Fargo's purported fraud.

Randolph, however, presses that her claims are "**NOT** about what happened in 2012." and "**NOT** about Wells Fargo's denial of a mortgage modification."  ECF No. 27 at 6-7 (emphasis in original).  Instead, Randolph argues that the causes of action are grounded in "Wells Fargo's 2019 admission that it knew the additional liens prevented the modification process" but kept that information from Randolph.  *Id.*  But Wells Fargo never makes such an admission in the 2019 letters.  ECF Nos. 31; 31-1.  Nor does Randolph plead any other facts which make plausible that Wells Fargo knew such lien or title issues constitute automatic disqualifiers and hid that fact from Randolph until 2019.  To be sure, a 2019 letter from a lender enclosing a check and stating "we should have let you know at the time of the trial approval that the [loan] modification *might* be denied due to title issues even if you paid the trial period payments" *may* also raise eyebrows.  But it does not make plausible that Wells Fargo would "from the get-go" deny her a HAMP loan modification or that it hid this fact from her.  In short, the Court is at a loss to discern how the 2019 letter, and the facts as pleaded, either saves the claims from Defendant's limitation challenge or supports a cause of action in its own right.

Third, the Court rejects Randolph's invitation to equitably toll the claims.  The doctrine of equitable tolling permits extension of limitations where the defendant fraudulently concealed facts forming the basis of plaintiff's claims that the plaintiff could not have discovered despite the exercise of due diligence.  "If the knowledge of a cause of action is kept from a party by the fraud of the adverse party," then the cause of action accrues when the fraud is discovered.  Md. Code. Ann., Cts. & Jud. Proc. § 5-203.  *See also Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 623-24 (1985).  But as previously discussed, Randolph has not plausibly averred that Wells Fargo hid from her the "lien issues" behind the denial of her HAMP application.  She was informed of the same in 2012, and thus, the Court cannot conclude that the limitations period should be equitably tolled based on Wells Fargo's 2019 correspondence.  Wells Fargo's motion to dismiss on limitations grounds is granted.[1]

### B.      Class Allegations

Having dismissed the entirety of Randolph's individual claims, the class allegations also must fall.  *See* Fed. R. Civ. P. 23(c)(1)(a); *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)).  Where, as here, the putative class plaintiff can no longer function as class representative, "either another class representative must be found or the suit is kaput."  *Collins v. Village of Palatine*, 875 F.3d 839, 846 (7th Cir. 2017) (quoting *Hardy v. City Optical, Inc.*, 39 F.3d 765, 770 (7th Cir. 1994)); *see also Herron v. Mayor and City Council of Annapolis*, 388 F.Supp.2d 565, 573 (D. Md. 2005), *aff'd*, 198 Fed. App'x. 301 (4th Cir. 2006); *Pelino v. Ward Mfg., LLC*, No. RDB-14-02771, 2015 WL 4528141, at *4 (D. Md. Jul. 27, 2015).  To the extent Randolph intended to bring class claims based on legal theories apart from those averred on her own behalf, she has not

---

[1] The Court declines to reach Wells Fargo's alternative grounds for dismissal on the merits.  ECF No. 23-1 at 13-19.

successfully done so here.  *Cf. Rosedale v. CarChex, LLC*, No. SAG-19-2780, 2020 WL 998740, at *4–5 (D. Md. Mar. 2, 2020) (denying without prejudice motion to certify "grossly overbroad" class).  The class claims must likewise be dismissed.

### C.    Dismissal With or Without Prejudice

Lastly, the Court dismisses the Amended Complaint without prejudice.  The Amended Complaint allegations turn on a 2019 letter in which Wells Fargo offers $300 to "settle" a "matter."  The Court has concluded that the Amended Complaint fails currently to make plausible a timely cause of action.  That said, the Amended Complaint does not make clear the reason for Wells Fargo's 2019 settlement offer nor is such reason clear from the correspondence itself.  Out of an abundance of caution, therefore, the Amended Complaint will be dismissed without prejudice so that any potential cause of action which Wells Fargo had attempted to "settle" will not be precluded.

### IV.    Conclusion

Based on the foregoing, the Complaint is dismissed without prejudice.  A separate order follows.


 1/14/2021                                              /S/
Date                                        Paula Xinis
                                            United States District Judge